IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RENEE M. SNELL,**

                Plaintiff,                Case No. 3:20-cv-00242-MO

      v.

                                   OPINION AND ORDER

**VOCATIONAL REHABILITATION
STATE UNIT PERSONNEL,** Hearing
Officer, Reviewing Official,

                Defendant.

**MOSMAN, J.,**

      This case comes before me on Defendant's Motion to Dismiss [ECF 24], which argues

that: 1) Plaintiff Renee Snell's request for injunctive relief is moot; and 2) Plaintiff fails to state a

claim for either compensatory or punitive damages. *Id.* at 2. For the reasons state below, I

GRANT Defendant's Motion, and DISMISS this case with prejudice.

## BACKGROUND

      This case concerns Ms. Snell's efforts to seek vocational rehabilitative services from

Defendant, the Oregon Department of Human Services ("DHS"), Vocational Rehabilitation

Division ("VR"). Pursuant to 29 U.S.C. § 722(c)(5)(J), Ms. Snell seeks judicial review of state

administrative orders issued by VR concerning her eligibility for services.

      The Rehabilitation Act of 1973 provides federal funds to states who provide vocational

rehabilitation services to people with disabilities. *See* Mot. [24] at 2. VR is Oregon's designated

office to administer the Act's plan. *Id.* An individual seeking services from VR must apply, and

VR must determine their eligibility within 60 days of receiving the application. 34 C.F.R.
§ 361.41(b)(1)-(2). This time limit may be extended due to "exceptional and unforeseen
circumstances," but the individual seeking services must agree to a specific extension of time.
34 C.F.R. § 361.41(b)(1)(i).

An individual seeking services receives certain hearing rights whenever VR makes a
decision that affects the provision of services. 29 U.S.C. § 722(c)(1). These rights include a "due
process hearing" before an "impartial hearing officer" ("IHO"). *Id.* § 722(c)(1), (c)(5)(A); OAR
582-020-0030. An individual may seek review of an IHO's decision via a Formal Administrative
Review ("FAR"), which results in VR's final order. OAR 582-020-0080(3); 29 U.S.C.
§ 722(c)(5)(G). If the individual is aggrieved by the final order, the Rehabilitation Act provides
the option to file a civil action for judicial review of the decision in a United States district court.
*Id.* § 722(c)(5)(J).

Here, Ms. Snell first attempted to file an application for VR services on August 13, 2019,
but the application was outdated, and she did not complete the submission process. Coleman
Decl. [ECF 26], Ex. 1 at 5.[1] The following month, Ms. Snell met with VR Counselor ("VRC")
Emily Geraci who informed Ms. Snell that in order to successfully apply to receive VR services,
she needed to complete and submit the current version of the form. *Id.* Ms. Snell believed she
was "presumed eligible" because she received Social Security Disability Insurance (SSDI), but
when VRC Geraci informed Ms. Snell she still had to complete a current application, Ms. Snell
"became uncooperative and argumentative" and the meeting ended. *Id.* On November 7, 2019,

---

[1]    Ms. Snell has previously brought actions against VR. *See Snell v. Dep't Human Servs.*,
No. 318-CV-00227-SI, 2019 WL 3467924, at *8 (D. Or. July 31, 2019) (granting summary
judgement in favor of VR on the grounds that Ms. Snell needed to complete a
neuropsychological evaluation before she could continue receiving services).

Ms. Snell eventually completed and submitted a current application to VR. *Id.*, Ex. 1 at 10. As a result, VR had until January 6, 2020, to complete her eligibility determination. *Id.*

In order to complete her eligibility determination, VR purportedly required additional medical information from Ms. Snell. *Id.* at 6. Specifically, VRC Geraci sent multiple letters asking Ms. Snell to sign medical releases and stated that if she did not respond, VR would assume she was not willing to participate in VR services. Coleman Decl. [26] Ex. 3 at 3. Ms. Snell refused to sign the releases, and VR did not complete an eligibility determination. *Id.* VCR Geraci stated that because Ms. Snell never signed the releases, the 60-day time limit to complete the determination was waived under the "exceptional and unforeseen circumstances" exception. *Id* at 7.

At Ms. Snell's request, a due process hearing took place on January 28, 2020. Coleman Decl. [26], Ex. 3 at 1. The IHO assigned to the hearing, Lawrence Smith, made several rulings. *Id.* at 4-8. First, IHO Smith held that VR has the authority to seek further medical or psychological evidence to determine eligibility. *Id.* at 7. He then held that while Ms. Snell's failure to cooperate with VR's requests constituted "exceptional and unforeseen circumstances," there was no evidence that Ms. Snell agreed to an extension of the sixty-day deadline as required by statute. *Id.* Because VR was not in compliance with the sixty-day deadline, IHO Smith further held that VR must use the information available to it to determine Ms. Snell's eligibility. *Id.* IHO Smith then made that eligibility determination himself: he found that because Ms. Snell was presumed eligible due to her receipt of SSDI, and because there was no information rebutting that presumption, Ms. Snell was eligible to receive services from VR. *Id.* at 7-8. Finally, IHO Smith described that the next step in the process was for Ms. Snell and VR to develop an "individual plan for employment," which would require Ms. Snell to provide medical releases

and other information; if Ms. Snell did not cooperate with this process, IHO Smith held that VR could close Ms. Snell's file. *Id.* at 8.

Even though IHO Smith had determined that Ms. Snell was eligible for services, she filed for a FAR of IHO Smith's order. *Id.*, Ex. 4. On February 13, 2020, while the FAR was pending, Ms. Snell filed this action. Compl. [1]. Her complaint does not clearly describe a cause of action but states that she is seeking jurisdiction under 29 U.S.C. § 722. *Id.* at 3. Ms. Snell further describes that "[a]s of the date of filing of this complaint, I remain an Applicant rendering no service(s) including the service of an Eligibility Determination . . . ." *Id.* at 6. She seeks injunctive relief, "monetary civil penalties to make whole for 'services' never rendered," and punitive damages. *Id.*

On March 13, 2020, Ms. Snell filed what she titled an "Amended Complaint," and which appears to contain additional argument, of varying clarity, relating to her claims. [ECF 5]. On March 16, 2020, the FAR was completed which affirmed IHO Smith's order. Coleman Decl. [26], Ex. 4 at 2.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A motion to dismiss based on mootness is properly raised under Federal Rule of Civil Procedure 12(b)(1) because it "pertains to a federal court's subject-matter jurisdiction under Article III." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In establishing mootness, defendants face a "heavy burden" and must establish that no reasonable likelihood exists that the

wrong will be repeated. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted).

Generally, on a motion to dismiss the court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013) (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). When reviewing a motion to dismiss against a pro se plaintiff, the court construes the pro se pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). This liberal interpretation may not, however, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Defendant moves to dismiss Ms. Snell's request for injunctive relief as moot and moves to dismiss her request for damages as barred by the Eleventh Amendment, or in the alternative, because she fails to state a claim for damages. Mot. [24] at 2. I take each argument in turn.

### I.    The Claim for Injunctive Relief is Moot

"[A] case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citations omitted). Thus, a claim is moot when "no effective relief can be granted." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984) (citations omitted).

As described above, the dispute resolution processes established by 29 U.S.C. § 722(c) covers only determinations that "affect the provision of vocational rehabilitation services to applicants or eligible individuals." 29 U.S.C. § 722(c)(1). As part of that process, "[a]ny party

aggrieved by a final decision" of the agency providing services can seek review of that decision in the district court. *Id.* § 722(c)(5)(J).

Here, it is not entirely clear what Ms. Snells seeks via injunctive relief. *See* Compl. [1] at 6. In part, she appears to have a grievance related to certain records that were or were not considered during the dispute resolution process. *See id.*; Am. Compl. [5] at 1-3. However, given her description in her complaint that she believed she had not yet received an eligibility determination, I primarily construe her request as one that seeks an order from this court declaring her eligible for services or requiring VR to make such a determination.

However, as described above, VR has already determined by final order that Ms. Snell is eligible to receive vocational rehabilitation services. Therefore, because Ms. Snell is eligible to receive VR services, the claim is moot and there are no grounds to grant injunctive relief.

## II.    Ms. Snell's Claims for Damages

### A.  Sovereign Immunity

The Eleventh Amendment bars suits by an individual against a state unless that state consents. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). One way a state consents to suit is by accepting federal funds where Congress has expressly conditioned waiver of state sovereign immunity upon receipt of those funds. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1185-86 (9th Cir. 2003).

In Section 504 of the Rehabilitation Act, which covers disability discrimination, Congress expressly included a waiver of state sovereign immunity for lawsuits brought under that section. *Douglas v. California Dep't of Youth Authority*, 217 F.3d 812, 820 (9th Cir. 2011). In contrast, in Section 102 of the Rehabilitation Act (the section at issue here, codified at 29 U.S.C. § 722) there is no "clear-statement of congressional intent" to expressly condition a

state's receipt of funds for vocational services on a waiver of its Eleventh Amendment immunity. *Hurst v. Tex. Dep't of Assistive and Rehab. Servs.*, 482 F.3d 809, 810, 814 (5th Cir. 2007).

Here, because Ms. Snell brings her claim under 29 U.S.C. § 722(c)(5)(J), which does not contain a waiver of sovereign immunity, her claim for monetary damages is barred by the Eleventh Amendment.

### B. Failure to State a Claim for Damages

Assuming *arguendo* that the Eleventh Amendment does not bar Ms. Snell's suit for damages, she also fails to state a claim for either compensatory or punitive damages.

Here, while Plaintiff requests compensatory damages "to make whole for services never rendered," she has not alleged facts that would support the award of compensatory damages. Compl. [1] at 6. For example, she does not claim that she paid for vocational services out of her own pocket or that she suffered some other loss that is compensable.

Finally, Ms. Snell has not demonstrated that she can seek punitive damages because she has not alleged that the Defendants exhibited "extreme conduct." *Newport v. Fact Concerts*, 453 U.S. 247, 267-68 (1981) (finding that the purpose of punitive damages is to punish the tortfeasor for intentional or malicious acts and to deter future "extreme conduct").

### CONCLUSION

For the foregoing reasons, I GRANT Defendant's Motion to Dismiss [24]. I DISMISS this case with prejudice. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this ___5___ day of August, 2020.

MICHAEL W. MOSMAN
United States District Judge